UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEMETRIUS LAREDO WALKER,**

    Petitioner,

v.                                       Case No. 8:22-cv-2696-MSS-CPT

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    Respondent.
_____/

**O R D E R**

Walker petitions for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court conviction for resisting arrest without violence (Doc. 1) and moves for leave to proceed *in forma pauperis*. (Doc. 2) The Court preliminarily reviews the petition for facial sufficiency. Rule 4, Rules Governing Section 2254 Cases.

In his petition, Walker states that he pleaded guilty to the misdemeanor, and the state court sentenced him to pay a fine of $450.00 and a prosecution fee of $50.00. (Doc. 1 at 2) Judicially noticed records from state court confirm that the state court did not sentence Walker to a term of imprisonment. Judgment and Sentence, *State v. Walker*, No. 21-3160-MM (Fla. 6th Jud. Cir. Mar. 26, 2021). Walker is not in the custody of the Florida Department of Corrections. (Doc. 1 at 21)[1]

---

[1] In his petition, Walker asserts that (1) the trial court violated his federal rights by denying his motion to withdraw his plea without an evidentiary hearing, (2) the post-conviction court violated his federal rights by denying his post-conviction motion as successive, and (3) the trial court violated his federal rights by failing to conduct an adequate plea colloquy. (Doc. 1 at 3–12)

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)) (italics in original).

*Duvallon v. Florida*, 691 F.2d 483, 484–85 (11th Cir. 1982), holds that a petitioner, who challenges a state court conviction for which he received a sentence of a fine with no imprisonment, is not "in custody" to support jurisdiction under Section 2254:

> A petitioner need not be under actual physical restraint in order to be "in custody" for purposes of the statute. *Westberry v. Keith*, 434 F.2d 623, 624 (5th Cir. 1970).[2] In the context of habeas proceedings, the "in custody" requirement may also be met where a petitioner is on probation, parole or bail. *Id.*; *Hensley v. Municipal Court*, 411 U.S. 345, 349 (1973); *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). The Supreme Court, however, has found that the custody requirement must be interpreted so as to "preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. at 351. Where, as here, the judgment of the state court imposes only a fine with no provision for incarceration, appellant's liberty is not restrained, she is not "in custody" and her bare assertion of constitutional deprivation will not support federal court jurisdiction for § 2254 relief. *Westberry v. Keith*, 434 F.2d at 624–25. *See also Wright v. Bailey*, 544 F.2d 737 (4th Cir. 1976) (petitioner not "in custody" where conviction for disorderly conduct resulted in a fine with no provision for incarceration), *cert. denied*, 434 U.S. 825 (1977); *Pueschel v. Leuba*, 383 F. Supp. 576 (D. Conn. 1974) (imposition of $100 fine is not a sufficient restraint of liberty to satisfy the "in custody" requirement).
>
> [2] The Eleventh Circuit has adopted as precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Even though the conviction that Walker challenges in this case may be used to enhance a sentence imposed for a crime in the future, Walker is not "in custody" to support

jurisdiction. *Maleng*, 490 U.S. at 492 ("The question presented by this case is whether a habeas petitioner remains 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not.").

The state court may hold Walker in civil contempt if the state court determines that he is able to pay the fine and that he willfully refuses to pay the fine. § 938.30(11), Fla. Stat. *Akridge v. Crow*, 903 So. 2d 346, 348 (Fla. 2d DCA 2005). However, *Duvallon*, 691 F.2d at 485, holds that a petitioner is "in custody" under Section 2254 only after the state court determines that the petitioner willfully refused to pay the fine and sentences the petitioner to a term of imprisonment:

> The Florida court has indicated that appellant would not be imprisoned and stripped of her liberty until after a hearing in which it is revealed that she is financially able to pay the fine but willfully refuses to do so. Any incarceration at that point would be in the nature of a penalty for contempt and would be separate from the conviction appellant now seeks to challenge. *Cf. Hanson v. Circuit Court of First Judicial District*, 591 F.2d 404 (7th Cir.) (incarceration in California for offense unrelated to conviction in N.D. Ill. for which petitioner received a fine only does not provide habeas jurisdiction in N.D. Ill. for the fine only conviction), *cert. denied*, 444 U.S. 907 (1979). If after a hearing appellant is sentenced to imprisonment for willful failure to pay the fine, then and only then will she be "in custody pursuant to the judgment of a State court . . . ." If appellant would challenge that incarceration on the basis of the First Amendment, she could then return to the federal forum, provided state remedies have been exhausted. 28 U.S.C. § 2254. Appellant's attempt to cloak her current condition in "custody" garb because of the potential for incarceration for contempt does not adequately cover the requirements of § 2254.

Accordingly, the Court **DISMISSES** Walker's petition (Doc. 1) for lack of jurisdiction and **DENIES** his motion (Doc. 2) for leave to proceed *in forma pauperis* as moot. A certificate

3

of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The Clerk is **DIRECTED** to **CLOSE** this case.

    **DONE AND ORDERED** in Tampa, Florida on December 22, 2022.

*[Signature]*

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE